Sharon P. Margello, Esq.
Curtis G. Fox, Esq.
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
(973) 656-1600
sharon.margello@ogletreedeakins.com
curtis.fox@ogletreedeakins.com
Attorneys for Defendant Capital One Financial
Corporation

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT P. ANDREULA,<br><br>           Plaintiff,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION, JOHN DOES 1-10, and ABC CORP. 1-10, said names being fictitious<br><br>           Defendant. | Hon. _____<br>Case No. _____<br><br>*Civil Action*<br><br>**NOTICE OF REMOVAL &**<br>**LOCAL CIVIL RULE 11.2**<br>**CERTIFICATION** |

TO:   CHIEF JUDGE AND JUDGES OF
      THE UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF NEW JERSEY

**ON NOTICE TO:**

   Ronald J. Wronko, LLC
   134 Columbia Turnpike
   Florham Park, New Jersey 07932
   Attorney for Plaintiff

   Michelle M. Smith, Esq., Clerk
   The Superior Court of New Jersey
   Richard J. Hughes Justice Complex
   25 W. Market Street
   6th Floor North Wing
   P.O. Box 971
   Trenton, New Jersey 08625

Clerk, Superior Court of New Jersey
Law Division – Essex County
470 Martin Luther King, Jr. Blvd.
Newark, New Jersey 07102

**HONORABLE JUDGES:**

Defendant Capital One Financial Corporation ("Defendant") hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 to the United States District Court for the District of New Jersey, and as grounds therefore shows as follows:

**I.     TIMELINESS OF REMOVAL**

1.     On July 21, 2014, Plaintiff Vincent P. Andreula ("Plaintiff") commenced a civil action in the Superior Court of New Jersey, Law Division, Essex County, entitled *Vincent P. Andreula v. Capital One Financial Corporation, et al.,* Docket No. ESX-L-5096-14.

2.     A copy of the Summons and Complaint was first received by Defendant on July 25, 2014.

3.     A copy of the Summons, Complaint, Civil Case Information Statement and Track Assignment Notice are attached as Exhibit A.  These documents set forth the claims upon which Plaintiff's action is based and constitute all pleadings, process and other documents served to date in this action.

4.     Defendant has removed this action within 30 days after receipt of the Summons and Complaint.  Accordingly, pursuant to 28 U.S.C. § 1446(b)(2)(B), this Notice of Removal has been timely filed.

## II. VENUE

5. The New Jersey Superior Court, Essex County is located within the District of New Jersey. 28 U.S.C. § 110. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. BASIS FOR REMOVAL – DIVERSITY OF CITIZENSHIP

6. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), which provides that "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different states...."

### A. AMOUNT IN CONTROVERSY

7. This is an action to recover damages for alleged negligent misrepresentations by Defendant. Although the Complaint does not specifically quantify Plaintiff's damages, Plaintiff is a former employee of Defendant who alleges that he gave up 50% of his commissions on his book of business when he resigned his employment with his prior employer to accept a job with Defendant.

8. According to the Complaint, Plaintiff seeks damages for compensatory damages, lost wages and benefits, back pay and front pay, lost commissions, punitive damages and liquidated damages, attorney's fees and costs of suit, and interest. (See Wherefore Clause of Complaint).

9. Plaintiff's claim for punitive damages is a factor in calculating whether the amount in controversy exceeds $75,000. *See Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) (*citing Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943))

("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied.").

10. Consequently, although Defendant does not concede or admit that Plaintiff suffered any damages, or that it is liable for any claimed damages, removal is proper because Plaintiff must be seeking damages in excess of $75,000.00. Accordingly, the jurisdictional amount in controversy requirement is met.

### B. DIVERSITY OF CITIZENSHIP

11. Plaintiff is a citizen of the State of New Jersey.

12. Defendant Capital One Financial Corporation is a Delaware corporation with its principal place of business in McLean, Virginia.

13. According to 28 U.S.C. § 1332(c)(1), a corporation shall be deemed to be a citizen of any State in which it is incorporated and of the State where it has its principal place of business.

14. As Plaintiff and Defendant are citizens of different states, there is complete diversity for purposes of jurisdiction conferred by 28 U.S.C. § 1332(a).

15. Furthermore, under 28 U.S.C. §1441(b)(1), the citizenship of defendants sued under fictitious names shall be disregarded.

## IV. CONCLUSION

16. To date, the removing Defendant has not filed a responsive pleading in Plaintiff's State Court Action, and no other proceedings have transpired in that action.

17. This action is properly removable pursuant to 28 U.S.C. §§ 1332 and 1441. The amount in controversy exceeds $75,000. Defendant is a citizen of a state other than New Jersey and Plaintiff is a citizen of New Jersey. As such, there is complete diversity of citizenship.

18. The removing Defendant has not previously sought similar relief.

19. Pursuant to 28 U.S.C. § 1446, copies of this Notice of Removal have this day been served upon Plaintiff, and will be promptly filed with the Clerk of the Superior Court of New Jersey and the Clerk of the Superior Court in Essex County, New Jersey.

20. By removing this matter, the removing Defendant does not waive, or intend to waive, any defenses it might have including, but not limited to, insufficiency of process and insufficiency of service of process and/or lack of personal jurisdiction, and reserves the right to assert all defenses herein.

WHEREFORE, Defendant Capital One Financial Corporation respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Attorneys for Defendant Capital One
Financial Corporation

Date: August 22, 2014

By: _____
Sharon P. Margello

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Sharon P. Margello, Esq., counsel for Defendant Capital One Financial Corporation, certify that the matter in controversy is not the subject of any other action pending in any court, and Defendant knows of no other action pending in any court, or of an any pending arbitration or administrative proceeding.

*[signature]*
Sharon P. Margello, Esq.
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Tel: (973) 656-1600
Fax: (973) 656-1611
sharon.margello@ogletreedeakins.com

Dated: August 22, 2014

## PROOF OF SERVICE

I am over the age of 18 and not a party to this action. On this date, I served a true copy of the attached:

**NOTICE OF REMOVAL & LOCAL CIVIL RULE 11.2 CERTIFICATION**

on the party listed below, via FedEx overnight delivery, sent to his attorney of record at the last known address as follows:

> Ronald J. Wronko, LLC
> 134 Columbia Turnpike
> Florham Park, New Jersey 07932
> Attorneys for Plaintiff

and, via FedEx overnight delivery, upon

> Michelle M. Smith, Clerk
> Superior Court of New Jersey
> Hughes Justice Complex
> 25 W. Market Street
> P.O. Box 971
> Trenton, New Jersey 08625

> Clerk, Superior Court of New Jersey
> Law Division – Essex County
> 470 Martin Luther King, Jr. Blvd.
> Newark, New Jersey 07102

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 22, 2014

                                                 s/Curtis G. Fox
                                                 Curtis G. Fox, Esq.

18745668.1