# EXHIBIT A

Jul. 24. 2014 4:28PM                                                          No. 1945   P. 2

## SUMMONS

Attorney(s) Ronald J. Wronko, LLC
Office Address 134 Columbia Turnpike
Town, State, Zip Code Florham Park, New Jersey 07932

Telephone Number (973) 360-1001
Attorney(s) for Plaintiff Vincent P. Andreula

Vincent P. Andreula
    Plaintiff(s)

Vs.

Capital One Financial Corporation, John Does 1-10, and ABC Corp. 1-10, said names being fictitious
    Defendant(s)

**Superior Court of New Jersey**

ESSEX COUNTY
Law DIVISION
Docket No: ESX-L-5096-14

**CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle Smith
Clerk of the Superior Court

DATED: 07/24/2014

Name of Defendant to Be Served: Capital One Financial Corporation

Address of Defendant to Be Served: 710 Route 46 East, Suite 306, Fairfield, New Jersey 07004

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK           NJ 07102

COURT TELEPHONE NO. (973) 693-5529
COURT HOURS 8:30 AM - 4:30 PM

TRACK ASSIGNMENT NOTICE

DATE:   JULY 22, 2014
RE:     ANDREULA VS CAPITAL ONE FINANCIAL CORPORATION
DOCKET: ESX L -005096 14

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 2.

DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON FRANCINE A. SCHOTT

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT: (973) 693-6443 EXT 6431.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

ATTENTION:
              RONALD J. WROMKO JR
              RONALD J WROMKO LLC
              134 COLUMBIA TURNPIKE
              FLORHAM PARK     NJ 07932-2106

JUGGRE0

Ronald J. Wronko, Esq.
Attorney ID 019061997
RONALD J. WRONKO, LLC
134 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 360-1001
Attorney for plaintiff
Vincent P. Andreula

SUPERIOR COURT OF NJ
CIVIL DIVISION
ESSEX VICINAGE

2014 JUL 21  P 1: 14

FINANCE DIVISION
RECEIVED/FILED
40

| | |
|---|---|
| VINCENT P. ANDREULA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CAPITAL ONE FINANCIAL CORPORATION, JOHN DOES 1-10, and ABC CORP. 1-10, said names being fictitious,<br><br>　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br>DOCKET NUMBER: ESX-L 5096-14<br><br>CIVIL ACTION<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff Vincent P. Andreula ("plaintiff"), by way of this Complaint against the defendant Capital One Financial Corporation ("defendant" or "Capital One") says:

I. Nature of Action, Jurisdiction and Venue

1.　This is an action seeking legal relief for Negligent Misrepresentation.

2.　This court has jurisdiction due to the nature of the action and the amount in controversy. Additionally, plaintiff has satisfied all prerequisites to bringing these claims.

3.　Venue is appropriate in this court since plaintiff was employed with defendant in this County.

II. Parties

4.　Plaintiff was employed as a Business banker by Capital One from February 11, 2013 until on or around May 29, 2014, when he was terminated.

5.  Defendant Capital One and/or ABC Corp. I-10 operates a place of business at 710 Route 46 East, Suite 306, Fairfield, NJ 07004.

6.  At all times referred to in this complaint, employees of Capital One and/or ABC Corp., were acting within the scope of their employment at the workplace during working hours. Moreover, the corporate defendant ratified, embraced and added to their conduct.

### III. Factual Allegations

7.  Before February 11, 2013, plaintiff worked as a securities broker at Primary Capital, LLC (hereinafter "Primary Capital"), which is an investment bank. Primary Capital held plaintiff's Series 7 and Series 66 securities licenses. While employed at Primary Capital, plaintiff received commissions from his book of business comprised of private placements, reverse mergers and the liquidation of restricted and low priced securities.

8.  Plaintiff applied for employment with Capital One. He was interviewed by Lisa Spatafino, who was a Hiring Manager for Capital One.

9.  Plaintiff disclosed his employment with Primary Capital as well as his intention to continue to receive residual commissions at a rate of fifty percent (50%) from Primary Capital if he were extended and accepted an offer of employment with Capital One. He also disclosed that Primary Capital would continue to hold his securities licenses.

10. Ms. Spatafino told plaintiff that if Primary Capital were willing to continue to pay him an income stream of fifty percent (50%), "that's fantastic." She

advised plaintiff that it would not be a problem for him to continue accepting this residual income stream.

11. Ms. Spatafino made these representations in her capacity as Capital One's Hiring Manager. She had binding authority to make such representations on behalf of Capital One.

12. In reliance on Ms. Spatafino's representations, plaintiff accepted the position of Business Banker with Capital One, resigned his position with Primary Capital, and gave up fifty percent (50%) of his commissions on his book of business.

13. Ms. Spatafino should have known that her representations to plaintiff were false.

14. Nearly a year later, when Ms. Spatafino's supervisor, Greg Smith, discovered that plaintiff was collecting residual commissions, he demanded that plaintiff give up the right to receive any commissions whatsoever from Primary Capital on the grounds that the collection of such commissions was a "conflict."

15. When plaintiff refused to give up the residual commissions, Primary Capital terminated plaintiff's employment.

16. Plaintiff would not have resigned his position with Primary Capital with a fifty percent (50%) cut in his commissions and accepted the position with Capital One had he known that he was permitted to continue the collection of residual commissions. Plaintiff has been damaged by defendant's negligent misrepresentations.

## COUNT I

### (NEGLIGENT MISREPRESENTATION)

17. Plaintiff repeats each of the foregoing paragraphs as if set forth at length.

3

18. Defendant's misrepresentations and omissions were negligent.

19. Defendant knew that the information provided to plaintiff relating to his ability to continue to collect residual commissions would be relied upon by plaintiff to his detriment and that if this information was not true and correct, plaintiff would be damaged.

20. Plaintiff relied to his damage and detriment on the negligent misrepresentations made to him by defendant. As a result, plaintiff suffered damages.

**WHEREFORE**, as to each and every count, plaintiff demands judgment on each and all of these counts against the defendants jointly and severally, as follows:

A. Compensatory damages;

B. Damages for lost wages and benefits, back pay and front pay;

C. Damages for lost commissions;

D. Punitive damages and or liquidated damages where permitted by law;

E. Attorneys' fees and costs of suit;

F. Lawful interest – including pre-judgment interest on lost wages;

G. Lawful interest – including pre-judgment interest on any wages not paid in a timely manner; and

H. Such other, further and different relief as the Court deems fitting, just and proper.

Plaintiff hereby reserves the right to amend this Complaint to supplement or modify the factual obligations and claims contained herein, based upon information received from the defendant, witnesses, experts, and others in the course of discovery in this matter.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 4:35-1(a) and (b), plaintiff respectfully demands a trial by jury on all issues in the within action so triable.

## DESIGNATION OF TRIAL COUNSEL

In accordance with Rule 4:25-4, RONALD J. WRONKO is hereby designated as trial counsel on behalf of plaintiff.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.

If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

RONALD J. WRONKO, LLC
Attorney for plaintiff

By: _____
Ronald J. Wronko

Dated: July 16, 2014

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ESSEX VICINAGE

JUL 21 2014

FINANCE DIVISION
RECEIVED/FILED    #28

## CERTIFICATION PURSUANT TO R. 4:5-1

Pursuant to Rule 4:5-1, the undersigned certifies that to the best of his knowledge, the within matters in controversy are not the subject of any other action pending in any

5

other Court or of a pending arbitration proceeding nor is any action or arbitration proceeding contemplated nor are other parties required to be joined in this action.

By: _____
Ronald J. Wronko

Dated: July 16, 2014

Appendix XII-B1

| | CIVIL CASE INFORMATION STATEMENT (CIS)<br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>Pleading will be rejected for filing, under *Rule* 1:5-6(c),<br>if information above the black bar is not completed<br>or attorney's signature is not affixed | FOR USE BY CLERK'S OFFICE ONLY<br>PAYMENT TYPE: ☐ CK ☐ CG ☐ CA<br>CHG/CK NO: CIVIL DIVISION ESSEX VICINAGE<br>AMOUNT: 2014 JUL 21 P 1:14<br>OVERPAYMENT: FINANCE DIVISION RECEIVED/FILED<br>BATCH NUMBER: 40 |
|---|---|---|

| ATTORNEY / PRO SE NAME<br>Ronald J. Wronko, Esq. | TELEPHONE NUMBER<br>(973) 360-1001 | COUNTY OF VENUE<br>Essex |
|---|---|---|
| FIRM NAME (if applicable)<br>Ronald J. Wronko, LLC | | DOCKET NUMBER (when available)<br>ESX-L 5096-14 |
| OFFICE ADDRESS<br>134 Columbia Turnpike<br>Florham Park, New Jersey 07932 | | DOCUMENT TYPE<br>Complaint and Jury Demand |
| | | JURY DEMAND  ☒ Yes   ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Vincent P. Andreula, Plaintiff | CAPTION<br>Vincent P. Andreula v. Capital One Financial Corporation, John Does 1-10, and ABC Corp., 1-10, said names being fictitious. |
|---|---|

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>509 | HURRICANE SANDY RELATED?<br>☐ YES   ☒ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ☒ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING?<br>☐ YES   ☒ No | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES   ☒ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>☒ UNKNOWN |

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☒ YES   ☐ No | IF YES, IS THAT RELATIONSHIP:<br>☒ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL   ☐ BUSINESS |
|---|---|
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☐ YES   ☒ No |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

JUL 2 1 2014

FINANCE DIVISION
RECEIVED/FILED    #28

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ Yes   ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES   ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Effective 06-19-2013, CN 10517-English                                                             page 1 of 2



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 284 NUVARING
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 288 PRUDENTIAL TORT LITIGATION
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 601 ASBESTOS
- 623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category  ☐ Putative Class Action  ☐ Title 59